UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No.  2:16-cv-0925 CKD PS<br><br><br><br>ORDER |

The administrative transcript in this action was filed August 22, 2016.  Under the scheduling order filed May 5, 2016, plaintiff was directed to file a motion for summary judgment and/or remand within 45 days of being served with a copy of the administrative record.  Because plaintiff did not timely file a motion for summary judgment, plaintiff was ordered to show cause why the action should not be dismissed.  Plaintiff responded to the order to show cause and plaintiff was granted an extension of time to file her motion.  Plaintiff was advised in an order dated December 1, 2016 that it was incumbent on plaintiff to set forth what errors she believes were committed by the Administrative Law Judge in reaching the determination of nondisability. Plaintiff thereafter filed an inadequate motion for summary judgment.  Plaintiff was again cautioned that generic statements to the effect that the Administrative Law Judge did not take into consideration plaintiff's prior work history and current medical condition were insufficient to

bear her burden on a motion for summary judgment.  Plaintiff has again filed a motion for summary judgment which sets forth no more than unsupported contentions that plaintiff's "case has not been properly observed concerning [plaintiff's] previous and current medical conditions and the state of [plaintiff's] well being."  ECF No. 26 at p. 1.

Despite plaintiff's failure to comply with the court's order regarding proper briefing on a motion for summary judgment, the court has reviewed the decision of the Administrative Law Judge ("ALJ") at issue.  In a decision dated April 11, 2014, the ALJ determined that plaintiff was not disabled.  Administrative Transcript ("AT") 38.  The ALJ found that while plaintiff has severe impairments of diabetes mellitus, hypertension, and history of acute pancreatitis, plaintiff could perform light work except occasionally performing postural activities but no climbing ladders/ropes/scaffold and avoiding concentrated exposure to extreme cold and heat, vibration, pulmonary irritants, and hazards.  AT 27.  Relying on the testimony of a vocational expert, the ALJ found that plaintiff, who was age 38 at the time of the decision, was capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  AT 37.

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

1  conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not
2  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see
3  also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the
4  administrative findings, or if there is conflicting evidence supporting a finding of either disability
5  or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,
6  1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
7  weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

8         In this case, plaintiff has assigned no specific error to the ALJ's decision.  The court has
9  reviewed the ALJ's decision, the testimony in the record, and the medical evidence and finds no
10 error in the ALJ's decision.  In particular, the court finds that the assessment of the state agency
11 physicians, the physical and mental consultative examiners, the functional reports, and the
12 medical record as a whole, fully support the ALJ's determination of plaintiff's residual functional
13 capacity.  The new evidence submitted by plaintiff, the report of an office visit on January 12,
14 2017, does not undermine the ALJ's determination because it is not material, in that the additional
15 record post-dates the relevant time period by almost three years.  See Booz v. Secretary of Health
16 and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984).  Because the ALJ's decision is
17 supported by substantial evidence, plaintiff's motion for summary judgment must be denied.

18         Accordingly, IT IS HEREBY ORDERED that:
19         1. Plaintiff's motions for summary judgment (ECF No. 23, 26) are denied; and
20         2. Judgment is entered for the Commissioner.

21 Dated:  February 2, 2017

22                                    _____
                                       CAROLYN K. DELANEY
23                                    UNITED STATES MAGISTRATE JUDGE

25 4 washington0925.ftc.msj.ss